## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROTEX GLOBAL, LLC,** | : | **CIVIL ACTION NO. 1:17-CV-2118** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **GERARD DANIEL WORDWIDE, INC.,** | : | |
| | : | |
| **Defendant** | : | |

### PROTECTIVE ORDER

Plaintiff Rotex Global, LLC ("Rotex") and Defendant Gerard Daniel

Worldwide, Inc.'s ("GDW") anticipate that discovery in this Action will require the

production of documents and things and testimony containing confidential,

sensitive, and/or proprietary information requiring protection against unrestricted

disclosure and use ("Confidential Material"). In the interest of expediting discovery

and limiting disputes regarding access to such information, it is hereby ORDERED:

1. **Applicability**. This order for the protection of Confidential Material

("Protective Order") shall be applicable to and shall govern without limitation all

documents, testimony, materials, and information produced pursuant to Rule 26

disclosures, subpoena, requests for production of documents and things,

depositions, interrogatory answers, responses to requests for admissions, any other

discovery or production of information required or authorized by the Federal Rules

of Civil Procedure, court testimony, or matters of evidence in connection with the

Action. Any third party responding to subpoenas issued in this Action or providing

deposition or trial testimony in this Action, may gain the protection of this Order by

indicating an intention so to do and by comporting itself with the requirements and obligations of this Order.

2. **Confidential Designation**. Any party or non-party with a reasonable, good faith belief that any documents, materials, or information produced in this case are Confidential Material may, at the time of production (or in the case of testimony, pursuant to the timeline set out hereinafter), and by written notice as described herein, designate such documents, materials, or information as "Confidential" or "Highly Confidential." The information so designated, collectively referred to herein as "Confidential Material," shall thereafter be subject to the provisions of this Protective Order. A party making such designation shall be referred to herein as the "Designating Party." A party receiving such Confidential Material shall be referred to herein as the "Receiving Party."

3. **Marking Documents**. Any documents, materials, or information to be designated Confidential Material may be so designated either by:

(a) Furnishing a separate written notice to the counsel for the Receiving Party regarding such documents, materials, or information, at the time of their production or, upon notice at the time of production and providing designations within three business days thereafter, specifically identifying the documents, materials, or information to be so designated (for example, by identifying the document Bates number(s)) and their respective designations; or

(b) Affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on such documents, materials, or information prior to their production. Stamping such a legend on the cover of any bound multi-page

2

document shall designate all pages of such document, unless otherwise indicated by the Designating Party.

4. **Scope Of "Confidential."** For purposes of this Protective Order, the term "Confidential" shall mean any and all documents, materials, or information concerning the products, projects, activities, intellectual property, marketing, promotion, business, or financial affairs of any party to the Action acquired in the course of the party's respective work that such party believes in good faith would qualify for a protective order if sought from the Court. For purposes of this Protective Order, the term "Highly Confidential" shall mean any and all Confidential Material that qualifies as "Confidential" and further relates to financial information about the party, future business plans, pending patent applications, customer information, competitive information, product formulation details, trade secret information, or proprietary computer source code.

5. **Inadvertent Production**. The inadvertent production of any Confidential Material during discovery in the Action without a "Confidential" or "Highly Confidential" designation shall be without prejudice to any claim that such material is Confidential, Highly Confidential, privileged in any respect, or protected from discovery as trial preparation material, provided that, upon discovery of the omission of the "Confidential" or "Highly Confidential" designation, the party producing such material promptly provides a written notice to the parties to whom the material was produced identifying the material and the designation to be applied to that material. No party shall be held to have waived any rights by such inadvertent production. In the event that any document, material, or information

that is subject to a claim of privilege or that is protected from discovery as trial preparation material is inadvertently produced, the party that received the document, material, or information shall return same, together with all copies thereof, to the producing party promptly after it receives a written notice from the producing party that the document, material, or information was produced inadvertently.

6. **Disclosure Of "Confidential Information."** Subject to the provisions of paragraphs 7, 9, and 14 below, Confidential information shall be disclosed only to:

a. No more than two employees, officers, or board members of each party, to be designated as such by each party in writing prior to disclosure;

b. This Court and any court to which an appeal might lie, including court personnel and trial jurors;

c. Outside litigation counsel of record for the non-designating parties, together with their respective associate attorneys and office personnel employed or engaged in the preparation for, or aiding in the trial of, the Action;

d. Outside vendors who perform microfiching, photocopying, computer classification, or similar clerical functions, but only for so long as and to the extent necessary to perform those services;

e. Court reporters and other persons engaged in preparing transcripts of testimony of hearings in the Action;

f. Outside experts and/or advisors consulted by counsel in connection with the Action, whether or not retained to testify at trial, except that, absent written consent from the Designating Party, no party shall disclose

Confidential Material to any expert or advisor, or to such person's support personnel, if such person currently or at any time in the past has been an employee, contractor, or customer of any of the parties;

g.      Jury selection consultants, and participants in any mock trial or similar simulation, employed for purposes of trial preparation in this matter but only for so long as and to the extent necessary to perform those services;

h.      Witnesses at any deposition in the Action, subject to the provisions of paragraphs 11, 12, and 13 of this Protective Order to the extent that the witness is reflected on the face of the document, or is reasonably believed by counsel to be, a writer or a recipient of the document; and

i.      Any other persons to whom the Designating Party agrees in writing.

7.      **Agreements To Abide By The Order**. Prior to being permitted access to Confidential Material subject to this Protective Order, any individual or business entity described in paragraphs 6(a), (d), (f), (g) and (h) shall sign the form of agreement annexed hereto as Appendix A. The original of each agreement shall be retained by counsel of record for the party permitting disclosure.

8.      **Disclosure Of "Highly Confidential Information."** In the event that a party designates information as Highly Confidential, the information shall be treated the same as and shall be subject to the same procedures as set forth in this Protective Order for information designated Confidential, except that such information shall be disclosed only to persons identified in subparagraphs b-h of Paragraph 6 above.

9.     **"Restricted Source Code" Designation**. The parties agree, if any computer source code is subject to production, to discuss additional confidentiality protection measures.

10.    **No Other Purposes**. All material designated Confidential Material in accordance with this Protective Order shall be used solely for the purposes of prosecuting or defending the Action and in connection with any appeals thereof. It may not be used for any business or commercial purpose, or for any other litigations, administrative proceedings, or dispute resolution procedures, except by written agreement with the Designating Party or upon order of this Court after reasonable notice and a hearing at which the Designating and Receiving Parties shall have an opportunity to be heard. No person receiving any material designated as Confidential or Highly Confidential shall disclose such material to any person other than those described above, and such disclosure shall be in accordance with the terms of this Protective Order.

11.    **Does Not Apply To Public Information**. This Protective Order shall not be construed to apply to information which:

a.     Is or becomes publicly known through no fault of the Receiving Party; or

b.     The Receiving Party or its counsel has, subsequent to the date of receipt of the information from the Designating Party, lawfully obtained from a third party or independently developed.

12.    **Use At Depositions**. All testimony, documents, material, or information disclosed at a deposition shall be treated as Highly Confidential during

the deposition and until fourteen (14) days after the testimony is transcribed in final form and provided to counsel, unless counsel for the parties agree to a different period of time. During such period, any party to the Action may notify another in writing that designated portions of the transcript, specified by pages and lines thereof, are Confidential or Highly Confidential. Such designated portions will then be treated as if so designated at the deposition. Any portions not so designated within the fourteen (14) day period may be used without restriction under this Protective Order.

13. **Filing With The Court**. In the event that any party, person, or entity otherwise bound by this Protective Order intends to file any Confidential Material in the public record, such material shall be filed under seal in accordance with the applicable Rules of the Court.

14. **Destruction At Conclusion Of The Action**. Within sixty (60) days after the conclusion of the Action and any appeals arising therefrom, all originals and copies of Confidential Material, other than material provided to the Court or Court personnel, shall be destroyed and a written statement certifying destruction shall be sent to opposing counsel. Alternatively, at the option of the Designating Party, and at that party's expense, a party may request all Confidential Material it produced be returned for its own disposition. Except for Confidential Material that is (a) maintained by counsel as part of counsel's collection of documents filed of record in the case, or that is (b) included in counsel's work product that is securely stored, all copies summaries and compilations of, and extracts from, Confidential Material, and all written, graphic, and recorded versions of information therein, shall be

destroyed by each Receiving Party and a certificate of destruction shall be provided by the Receiving Party. The conclusion of the Action shall not relieve any person who has received Confidential or Highly Confidential material pursuant to this Protective Order from the obligation to maintain the confidentiality of such material and the information contained therein.

15. **Challenging The Designation**. If any documents, information, or testimony are designated as Confidential or Highly Confidential, but are not believed in good faith to be Confidential or Highly Confidential by any Receiving Party, that party shall notify the Designating Party, in writing, and request a release of confidentiality. If such a release is not forthcoming within five (5) days, the objecting party may apply to the Court for an order requiring the release of confidentiality. On any motion to the Court regarding a claim of confidentiality, the party seeking to assert confidentiality shall have the burden of proof.

16. **Correcting Designation Errors**. If Confidential or Highly Confidential documents, materials, information, or things are produced or disclosed without having been so designated, future disclosure of the documents, materials, information, or things may be restricted in accordance with this Protective Order by the following procedure:

a. The Designating Party shall notify all Receiving Parties in writing of the proper designation and provide to all Receiving Parties new versions of the documents, materials, or information containing the proper designations.

b. The Receiving Parties shall take reasonable steps to destroy all copies of the documents, materials, or information containing the incorrect

designation. Within seven (7) days of notification by the Designating Party, the Receiving Parties shall certify completion of these efforts and identify all persons to whom the incorrectly designated documents, materials, or information was disclosed except for persons who are properly permitted access to the documents, materials, or information under Paragraph 6 above.

17.     **Improper Disclosure**. If Confidential or Highly Confidential documents, materials, or information designated in accordance with the procedures of this Protective Order are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the counsel of record for the party whose Confidential Material was disclosed and, without prejudice to any other rights and remedies of the provider, make every effort to prevent further disclosure by it or by the person or entity who was the recipient of such documents, materials, or information.

18.     **Jurisdiction After Conclusion Of The Action**. The Court shall retain jurisdiction after termination of the Action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate. The parties hereto may apply to the Court at any time, before or after termination, for an order modifying this Protective Order or seeking further protection against discovery or use of Confidential or Highly Confidential documents, materials, or information.

19.     **No Interference With Advice**. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to a client with

respect to the Action, and, in the course thereof, referring to or relying in a general way upon the attorney's examination of Confidential Material produced or exchanged hereunder. Provided, however, that in rendering such advice and in otherwise communicating with their client, the attorney shall not disclose the specific contents of any Confidential Materials produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

20.     **No Interference With Briefing**. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from making general references in publicly-filed documents not under seal to Confidential Material, provided that the specific contents of the Confidential Material is not revealed.

21.     **Violation Of The Order**. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order. In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy of law.

22.     **Submission To The Court**. The parties agree to submit this Protective Order to the Court for the Court's approval, and further agree that, until this Protective Order is approved and entered by the Court, it shall be effective as between the parties as if so approved and entered.

SO ORDERED this 30th day of November, 2017,

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania