# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROTEX GLOBAL, LLC** | : | |
| | : | CIV NO. 1:17-CV-2118 |
| **Plaintiff,** | : | (Chief Judge Conner) |
| v. | : | (Magistrate Judge Carlson) |
| **GERARD DANIEL WORLDWIDE, INC.** | : | |
| **Defendant.** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

We are overseeing on-going discovery in this complex patent litigation. As part of this process, we have noted that the parties have frequently been embroiled in contentious discovery disputes. The acrimonious nature of these disputes is illustrated by the current motion for extension of time filed by the defendant GDW, which seeks a commonplace accommodation, a 60-day extension of discovery deadlines, as the parties awaiting rulings from the district court on various substantive motions and complete the discovery process. (Doc. 145). This motion inspired an opposition from the plaintiff, (Docs. 146, 147), which in turn led to a rejoinder by GDW. (Docs. 148, 149). At the conclusion of this process more than 120 pages of material have been spread across the record in this case relating to this scheduling issue. Given the degree to which this request inspired extensive litigation,

1

and disputes between the parties, and in light of our familiarity with the contentious history of discovery in this case, this motion for extension of time has been referred to the undersigned. For the reasons set forth below, the motion will be GRANTED, in part, in that the discovery deadline will be extended to January 15, 2020. However, the remaining pre-trial schedule, which calls upon the parties to file dispositive motions in April of 2020, submit motions *in limine* in July of 2020, and prepare for trial in September of 2020, will remain unchanged subject to determination by the district court at some date in the future.

The legal benchmarks that govern consideration of motions for extension of time to complete discovery are familiar ones. As the court of appeals has aptly observed:

> We have long held that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir.1982). Moreover, "[w]e will not interfere *81 with a trial court's control of its docket 'except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.' " Id. (quoting Eli Lilly & Co. v. Generix Drug Sales, Inc., 460 F.2d 1096, 1105 (5th Cir.1972)).

Reisinger v. City of Wilkes-Barre, 520 F. App'x 77, 80–81 (3d Cir. 2013).

Exercising this broad discretion, we believe that a brief extension of time to ensure that discovery is completed is appropriate here. As we have noted there are some pending substantive motions scheduled for argument before the district court in November of 2019 which may conceivably affect the scope of discovery. Further,

our own recent rulings regarding discovery matters may necessitate some additional discovery, and if the past is any predictor of the future may inspire further discovery disputes. Taking all of these factors into account, we will grant this request for an extension of time to complete discovery. However, to the extent that GDW invites us to also alter the district court's pretrial schedule we will decline this invitation since we regard this request as premature, improvident and unnecessary. The current pretrial scheduling order, (Doc. 125), sets a dispositive motions deadline of April 3,2020, and prescribes other pretrial deadlines extending into September of 2020. While we will extend the fact discovery deadline to January 15, 2020, we believe that with a modicum of cooperation the parties could meet the remaining pretrial schedule deadlines set by the district court. In any event, we conclude that these pretrial deadlines should be addressed by the district court when and if an extension of time becomes necessary. An appropriate order follows.

## **ORDER**

AND NOW this 29th day of October 2019 GDW's motion for extension of time (Doc. 145), is GRANTED in part, in that the fact discovery deadline is extended to January 15, 2020. All other deadlines previously set by the district court shall remain in effect.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

3