# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROTEX GLOBAL, LLC,** | : | CIVIL ACTION NO. 1:17-CV-2118 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **GERARD DANIEL WORLDWIDE, INC.,** | : | |
| | : | |
| Defendant | : | |

# ORDER

AND NOW, this 18th day of December, 2019, upon consideration of the motion (Doc. 100) filed by defendant Gerard Daniel Worldwide, Inc. ("GDW"), for reconsideration of the court's opinion (Doc. 93) and order (Doc. 94) dated April 8, 2019, wherein the court construed Claim 19 of U.S. Patent No. 8,261,915,[1] and the court noting that a motion for reconsideration of a final order under Federal Rule of Civil Procedure 59(e) must rely on one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice," Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), while a motion for reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), Zazizadeh v. Pinnacle Health Sys., 214 F. Supp. 3d 292, 295 (M.D.

---

[1] GDW's motion alternatively requests that this court certify the case for immediate appeal pursuant to 28 U.S.C. § 1292(b). (See Doc. 100 at 2-3).

Pa. 2016), and may be granted even when the movant cannot show an intervening change in controlling law, the existence of previously-unavailable evidence, or the "need to correct a clear error of law or fact or to prevent manifest injustice," id. (quoting Max's Seafood, 176 F.3d at 677), and further noting that the court possesses an inherent power to reconsider its interlocutory orders "when it is consonant with justice to do so," State Nat'l Ins. Co. v. County of Camden, 824 F.3d 399, 406 & n.14 (3d Cir. 2016) (citing United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973)); Alea N. Am. Ins. Co. v. Salem Masonry Co., 301 F. App'x 119, 121 (3d Cir. 2008) (nonprecedential), but that a party may not invoke a motion for reconsideration as a means to "relitigate old matters" or present previously available arguments or evidence, see Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted), and it appearing that GDW has not provided the court

with new evidence or law that affects its claim construction,[2] and instead bases its motion on arguments or disputes identical to or expanding upon those previously raised and rejected by the court,[3] and that GDW fails to provide a legitimate basis to reconsider the court's prior decision, and accordingly fails to establish why reconsideration of our claim construction would be "consonant with justice," Jerry, 487 F.2d at 605, it is hereby ORDERED that:

---

[2] GDW offers three principal arguments not litigated during the initial claim construction proceedings. *First*, GDW asserts that R-0124 invalidates the patent-at-issue under our construction because it shows prior art constituting "lips." (Doc. 118 at 11-13). At the hearing on the motion for reconsideration, GDW explained that R-0124 simply provides context and shows that "lips," as we defined the term, were in widespread existence when the patent-at-issue was filed. (Doc. 157 at 5:5-20). According to GDW, R-0124 is relevant to obviousness and its invalidity defenses to be addressed later in this litigation. (Id. at 5:12-20, 38:3-9). R-0124 therefore does not affect our claim construction. *Second*, GDW argues that we improperly relied on patent applications incorporated by reference into the patent-at-issue. (Doc. 101 at 11-12). GDW could have, but did not, argue that such reliance is improper. (See Docs. 76, 103). In any event, this discussion served only as "further support" for our construction of the term "lip"—that is, the incorporated applications bolstered but were not a standalone basis for our construction. (Doc. 93 at 13). *Third*, GDW contends that we should have construed "lip" differently because the combination of the DeCenso patent and the Hoskins patent shows each and every element of original claim 9 and its use of the term "lip," rendering it obvious and invalid as a matter of law. (Doc. 106 at 4). Like GDW's argument regarding incorporated patent applications, this argument is new and does not rely on a change in controlling law. GDW is free to make this argument while litigating its invalidity defenses, but it is not appropriate for reconsideration.

[3] GDW claims that our reading of the prosecution history and the specification constitutes a manifest error of fact. (Doc. 101 at 4-11). The reading of both the prosecution history and the specification were thoroughly briefed and argued at the claim construction phase. (See, e.g., Doc. 74 at 3-15; Doc. 76 at 4-8; Doc. 79 at 8-9; Doc. 88 at 1-2; Doc. 89 at 1-5; Doc. 103 at 32:17-36:16, 42:15-50:7, 50:13-57:21). GDW's motion for reconsideration simply reflects its disagreement with our reasoning and conclusions, and thus unpersuasively seeks to "relitigate old matters." Exxon Shipping, 554 U.S. at 485 n.5 (citation omitted).

1. GDW's motion (Doc. 100) for reconsideration is DENIED.

2. GDW's alternative motion (Doc. 100) to certify this case for immediate appeal is DENIED, as this case does not involve "a controlling question of law as to which there is a substantial ground for difference of opinion." 28 U.S.C. § 1292(b).

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania